UNITED STATES DISTRICT COURT FILED
DISTRICT OF THE STATE OF RHODE ISLAND

2013 FEB 11 P 2: 04

ALEXANDER J. LANZI AND DONNA J. LANZI

DISTRICT COURT
DISTRICT OF RHODE ISLAND

Vs                                                                 CA NO. 13-

DEUTSCHE BANK NATONAL TRUST
COMPANY, AS TRUSTEE FOR MORGAN         CA 13- 102 M -LDA
STANLEY CAPITAL I INC. TRUST 2006-NC2;
WELLS FARGO BANK, N.A

VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE
RELIEF AND DECLARATORY JUDGMENT ACCORDING TO THE PROVISIONS OF
§9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND
And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO§34-16-1 et.
Seq. of THE RHODE ISLAND GENERALS LAWS.

This claim is brought pursuant to the provisions of the Declaratory Judgment Act
and as such fall within the jurisdiction of this Honorable Superior Court.

## INTRODUCTION

1. This complaint seeks a declaratory judgment that an alleged assignment of the Plaintiffs's mortgage loan from Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation ("Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation") to the Defendant, Deutsche Bank National Trust Company, as Trustee for, Morgan Stanley Capital I Inc. Trust 2006-NC2 ("DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2") is invalid and that, as a result, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 was not the valid mortgagee at all times relevant to the foreclosure sale on Plaintiffs' property.

2. The Plaintiffs sets forth that said Assignment of Mortgage fails to reference the Mortgage and was fraudulently prepared and executed.

3. The Plaintiffs prays that this Honorable Court declare the foreclosure sale invalid, enjoin the Defendant from proceeding with any eviction action against Plaintiffs pending procedures to verify the validity of the underlining sale, and quiet the title of said property by declaring Plaintiffs, Alexander J. Lanzi and Donna J. Lanzi, the sole owners.

## PARTIES

4. Plaintiffs, Alexander J. Lanzi and Donna J. Lanzi ("Lanzi") is the owner of real property located at 10 Fox Run Drive, West Warwick, RI 02893. Lanzi alleges that Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2, is not a valid mortgagee of Lanzi's Mortgage and can not foreclose on his property because the Assignment of Mortgage purporting to assign the Mortgage to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 fails to reference or state the Mortgage and is executed by a "robosignor" who falsely and fraudulently represented that she was legally authorized to execute said assignment on behalf of Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation.

5. Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation ("Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation") is a mortgage servicer with an address of Minneapolis, MN. Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation is identified as an Assignor on a Assignment of Mortgage to Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2.

6. Defendant, Deutsche Bank National Trust Company, as Trustee for, Morgan Stanley Capital I Inc. Trust 2006-NC2, ("DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2"), is the purported assignee of the Lanzi Mortgage from Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation. It is located at 1761 East St. Andrew Place, Santa Ana, CA 92705-4934.

## JURISDICTION

7. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

8. Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

9. Plaintiffs further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiffs, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

b. Plaintiffs claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiffs claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

d. Plaintiffs claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiffs as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiffs claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

10. On or about May 28, 1991, Plaintiffs, Alexander J. Lanzi and Donna J. Lanzi, purchased the property located at 10 Fox Run Drive, West Warwick via a Warranty Deed in Book 412 Page 106 of the Land Evidence Records of the City of West Warwick recorded on May 28, 1991. ("Exhibit 1")

11. On or about November 19, 2005, Lanzi executed a mortgage ("the Mortgage") securing a note in the amount of $200,000.00 that identified HOME123 Corporation as the Lender and Mortgagee. The Mortgage was recorded on November 23, 2005 in Book 1684 Page 140 of the Land Evidence Records of the City of West Warwick. ("Exhibit 2").

12. On or about November 9, 2011, an alleged assignment ("the Assignment") of the Lanzi Mortgage was recorded in Book 2137 Page 183 of the Land Evidence records of the City of West Warwick that purported to assign the Mortgage to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2. (Exhibit 3).

13. The Assignment was purportedly executed by Jason Brumm, as Vice President of Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation and purportedly Notarized by Angela Marie Williams.

14. Jason Brumm and Angela Marie Williams are not employees of Wells Fargo Bank, N.A. They are both employees of a document production factory called Nationwide Title Clearing based out of Palm Harbor, FL. that fraudulently prepares and executes documents in an assembly line like manner.

15. Jason Brumm and Angela Marie Williams are not employees of Wells Fargo Bank, N.A. in any traditional sense of the term; instead, they are actually employees of Nationwide and "vice presidents" of Citi Residential in name only. They are not corporate officers of Wells Fargo Bank, NA.

16. Neither Jason Brumm nor Angela Marie Williams read nor verified the Assignment in this case nor did they play any role in the creation of the document. Their signatures on the Assignment were affixed by other employees of Nationwide Title.

17. The Assignment is invalid because there is no power of attorney recorded in the land evidence records that purports to establish that Wells Fargo Bank, NA. is in fact the attorney in fact of HOME123 Corporation in violation of Rhode Island General Laws.

18. The execution of the Assignment by Jason Brumm is invalid because it is not "duly executed" in accordance with Rhode Island General Laws.

19. The recorded Assignment is null and void and failed to assign the Mortgage from Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation to Deutsche Bank National Trust Company, as Trustee for, Morgan Stanley Capital I Inc. Trust 2006-NC2.

20. Prior to the alleged foreclosure sale DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 failed to establish that it held an endorsed note and mortgage in accordance with R.I.G.L. 6A-3-205 and R.I.G.L. 34-11-22. See Bucci v. Lehman Brothers, PC-2009-3888 (R.I. Super Ct 2009)

21. Plaintiffs further contends that the Note Plaintiffs gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced and/or completed. Moreover, Defendants, knew that the Note given by Plaintiffss was not in default, yet proceeded to foreclosure anyway.

22. Defendants, which are not the Lender, wrongly and without contractual or statutory authority, are attempting to invoke the power of sale.

23. Defendants, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

24. The actions taken by the Defendants, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the Note and the Mortgage.

25. The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

26. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Superior Court.

27. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

## COUNT I
### Injunctive Relief and Declaratory Judgment

28. The Plaintiffs hereby reincorporates paragraphs 1 – 27 as if they were fully articulated herein.

29. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 has no interest in the property, the mortgage or note and, thus, has no standing to foreclose upon the note and Mortgage of Lanzi.

30. Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation never assigned the mortgage and note to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2.

31. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 has abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Lanzi has suffered compensable damages.

32. Plaintiffs is being irreparably harmed by the actions of all of the Defendants.

33. Plaintiffs has no other remedy at law but to seek the relief requested herein.

34. The Equities of the matter favor the Plaintiffs.

35. Public policy matters favor the Plaintiffs.

**WHEREFORE**, Lanzi prays for the following relief:

    a. Determine that there are no assignments of record with regard to the mortgage;
    b. Determine that there are no powers of attorney of record with regard to the mortgage;
    c. Order that DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 and Citi Residential have no interest in the subject property;
    d. Permanently restrain DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 and Wells Fargo Bank NA. from commencing any foreclosure actions or eviction

       actions against the Plaintiffs pending a trial on the merits of the Plaintiffs' complaint,

  e.    Award the Plaintiffs compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact

  f.    Award attorney's fees and costs

  g.    Award such other relief as this Court deems just and proper.

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

36. The Plaintiffs hereby realizes and reincorporates paragraphs 1 – 27 as if they were fully articulated herein.

37. The real estate as issue is located at 10 Fox Run Drive, West Warwick, RI 02893.

38. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 and Alexander J. Lanzi and Donna J. Lanzi both make claim to the fee simple interest in the aforesaid property.

39. Lanzi claims title to the property pursuant to a Deed recorded on May 28, 1991 in Book 412 Page 106 of the Land Evidence Records of the City of West Warwick.

40. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2 claims an interest adverse to Lanzi by way of an Assignment of Mortgage from Wells Fargo Bank, N.A. as Attorney In Fact for HOME123 Corporation recorded on November 9, 2011 in Book 2137 Page 183 in the Land Evidence Records of the City of West Warwick. The Assignment of Mortgage is invalid.

**WHEREFORE**, Lanzi prays for the following relief:

  a.    That judgment enters for him on his complaint regarding title to and ownership of the subject property that is subject of this claim.

  b.    That the Court find as a matter of law that the owner of this property is Alexander J. Lanzi and Donna J. Lanzi.

  c.    That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Lanzi.

  d.    That the court or other trier of fact, order the defendants to pay the Lanzi's damages which it deems appropriate.

    e.    That the Court or other trier of fact award Lanzi their costs, including a reasonable attorney's fee.

> Plaintiffs,
> Alexander J. Lanzi and
> Donna J. Lanzi,
> By their attorney,
>
> /s/ Todd S. Dion
> Todd S. Dion Esq. (6852)
> 1319 Cranston Street
> Cranston, RI 02920
> 401-270-0639 Phone
> 401-270-2202 Fax

## DEMAND FOR JURY TRIAL

Plaintiffs, Alexander J. Lanzi and Donna J. Lanzi hereby demand a trial by jury on all matters so triable as a matter of right.